UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:                                    )
                                          )
    WILLIAM MICHAEL BUCKMAN )    CASE NO. 15-32674(1)(12)
    MEGAN LEAH BUCKMAN          )
                                          )
_____Debtor(s)    )

## MEMORANDUM-OPINION

This matter is before the Court on the Motion for Relief from Stay filed by CNH Industrial

Capital America LLC, formally Capital America LLC ("CNH").  The Court considered the Motion

of CNH, the Objection to the Motion for Relief from Stay filed by Debtors Megan Leah Buckman

and William Michael Buckman ("Debtors"), and the comments of counsel for the parties at the

hearing held on the matter.  For the following reasons, the Court will **GRANT** the Motion for Stay

Relief of CNH.  An Order accompanies this Memorandum-Opinion.

## PROCEDURAL AND FACTUAL BACKGROUND

On August 19, 2015, Debtors filed their Voluntary Petition seeking relief under Chapter 12

of the United States Bankruptcy Code.

On February 16, 2016, Debtors filed their Chapter 12 Plan.  In that Plan, Debtors proposed

to pay CNH, a secured creditor, directly and outside the Plan.

On April 4, 2016, Debtors filed their First Amended Chapter 12 Plan ("Amended Plan").

The Amended Plan was confirmed by Order of the Court on April 28, 2016.  Paragraph 6 of the

Amended Plan addressed administrative claims and states:

> The Plan provides for the full payment of all administrative claims entitled to priority
> under 11 U.S.C. § 507(a)(2), and as allowed under 11 U.S.C. § 503(b).  All

administrative claims, including attorney's fees and expenses, shall be paid in full from the first funds available, except for the fees of the trustee and payments to Farm Credit Mid-America PCA pursuant to Paragraph 55 of the Plan.

Under the Debtors' Amended Plan the claim of CNH, a secured creditor with an allowed claim, was modified to be included inside the Plan. In 2012, CNH and Debtors entered into a Retail Installment Sale Contract whereby Debtors purchased a combine from CNH upon terms requiring Debtors to make annual payments of $18,125.81 to CNH. CNH retained a security interest in the combine to secure payment. According to CNH's Proof of Claim, Debtors have made no payments to CNH since September 11, 2014. CNH's claim totals $69,192.87. The arrearage of $18,125.81 for the missed September 2015 payment, will be due on August 17, 2019 under the Amended Plan. The Amended Plan further provided, "The remaining terms of CNH Industrial Capital America LLC's claim shall be unmodified." Par. 37, Amended Plan. Pursuant to the Retail Installment Sale Contract between Debtors and CNH, the Debtors were required to make an $18,125.81 installment payment on August 17, 2016 to the Trustee.

On September 22, 2016, the Chapter 12 Trustee filed a Motion to Show Cause Why the Case Should Not be Dismissed for Failure to Make Plan Payment. The Trustee indicated in his Motion that the Debtors had failed to make the $18,125.81 installment payment to CNH due on August 17, 2016.

On October 3, 2016, the Debtors filed an Objection to the Trustee's Motion to Show Cause indicating that the Debtors made the scheduled payment of $18,125.81 to the Trustee and that the Trustee confirmed receipt of the payment on September 24, 2016.

On October 10, 2016, Administrative Claimant, Seiller Waterman LLC, ("Seiller Waterman") filed a Motion to Enforce Chapter 12 Plan. In that Motion, Seiller Waterman contended

that as an Administrative Claimant and pursuant to Paragraph 6 of the Amended Plan, administrative claims "shall be paid in full from the first funds available, except for the fees of the trustee and payments to Farm Credit Mid-America PCA pursuant to Paragraph 55 of the Plan."  Seiller Waterman stated it was entitled to be paid first from the monies held by the Chapter 12 Trustee, less his fees and the $5,000 annual payment to Farm Credit.

The next day, Seiller Waterman filed an Amended Motion to Enforce Chapter 12 Plan to include a certificate of service to ensure that the Motion was mailed to CNH Industrial Capital America LLC.

On November 8, 2016, the Debtors filed an Objection to the Amended Motion to Enforce Chapter 12 Plan.  In that Objection, Debtors stated that the intent of Paragraph 55 of the Amended Plan was to provide that administrative claims would be paid first from any amounts received from the "Projected Disposable Income" payment, less the $5,000 payment to Farm Credit.  The "Projected Disposable Income" payment of $10,870.33 was to be paid in February of each year beginning 2017.  *See*, Par. 75 of Amended Plan.  Debtors claim that under the Amended Plan the Debtors were to pay the CNH payment, plus the Trustee's commission, to the Trustee in August of each year.  Thus, the administrative claimants, according to Debtors, would receive $5,870.33 per year until paid in full from funds that would be distributed to unsecured creditors.

On November 15, 2016, the Court held a hearing on Seiller Waterman's Amended Motion to Enforce Chapter 12 Plan and the Objection thereto by the Debtors.  At that hearing, the Court indicated to the parties that the Debtors' position regarding the interpretation of the Amended Plan was problematic since it was contrary to a basic tenet of bankruptcy law that administrative claims are entitled to priority payment.  11 U.S.C. § 507(a)(2).  Further, the Amended Plan provided that

administrative claims were to be paid in full from the first funds available, except for the fees of the Trustee and the payments to Farm Credit. Counsel for Seiller Waterman indicated that it would have objected to confirmation of the Amended Plan had it been known that Debtors' intent was to pay its administrative claim over the life of the Plan, rather than pursuant to the priority scheme set forth in the Bankruptcy Code regarding administrative claims. Contrary to Debtors' statements in later filings with this Court, the Court did not make a definitive determination at the conclusion of the November 15, 2016 hearing regarding the Amended Motion to Enforce Chapter 12 Plan, but rather indicated to the parties that they needed to discuss the matter and that the Court would continue the hearing until December 13, 2016.

Prior to the scheduled continued hearing, on December 6, 2016, Seiller Waterman and the Debtors filed an Agreed Order regarding Seiller Waterman's Amended Motion to Enforce Chapter 12 Plan which contained the following paragraph:

> IT IS FURTHER ORDERED that pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure and Rule 60(a) of the Federal Rules of Civil Procedure, the Court interprets the First Amended Chapter 12 Plan dated April 4, 2016 (Doc. 206) (the "Plan") as follows:
>
> > Administrative claims are classified as Claim 1 in the Plan, which provides they shall be "paid in full from the first funds available, except for the fees of the trustee and payments to Farm Credit Mid-America PCA pursuant to Paragraph 55 of the Plan." Plan at 2, ¶ 6. Administrative claimants are entitled to receive the first funds available under the Plan. The funds the Chapter 12 Trustee presently holds for creditors are required, pursuant to Paragraph 6 of the Plan, to be paid as described therein to holders of administrative claims, Farm Credit Mid-America PCA, and the Chapter 12 Trustee as his commission. Following the payment of the administrative claims in full, the Chapter 12 Trustee shall pay other creditors as described in the Plan, in accordance with their respective priorities.

-4-

IT IS FURTHER ORDERED the Chapter 12 Trustee is directed to pay to Seiller Waterman LLC all funds that he is currently holding less the Chapter 12 Trustee's fees and the $5,000 annual payment to be made to Farm Credit Mid-America PCA.

(Dkt. No. 281).

The Court signed off on the Agreed Order, without a hearing, and entered it on December 8, 2016. There is no evidence in the record to indicate CNH was served with a copy of the Agreed Order. At no point prior to entry of that Order did CNH make an appearance or object to any of the preceding motions.

On February 9, 2017, attorney Ashley Sanders-Cox filed a Notice of Appearance and Request for Notices on behalf of CNH Industrial Capital America LLC.

On February 13, 2017, CNH filed its Motion for Relief from Stay seeking an order allowing it to enforce its security interest in the combine against the Debtors. CNH contends the Debtors failed to make their first payment due August 17, 2016 pursuant to the terms of the Retail Installment Sale Contract with the Debtors and the terms of the Amended Plan.

On February 21, 2017, the Debtors filed their Objection to the Motion for Relief from Stay of CNH and argued that although they believed the proper interpretation of the Amended Plan was for the Trustee to pay CNH from the August payment made by the Debtors under the Amended Plan, the Agreed Order submitted to the Court by the parties and, ultimately entered by the Court, required that Seiller Waterman, as an administrative claimant, be paid in full from the first funds available and paid to the Trustee. Since they made the first Amended Plan payment, Debtors claimed they were not in default and CNH was not entitled to stay relief.

The Court took the matter under submission following a hearing attended by counsel for the Debtors and counsel for CNH.

## LEGAL ANALYSIS

CNH's Motion for Stay Relief highlights the problems inherent in the drafting of the Debtors' Amended Chapter 12 Plan.  Under the terms of the Amended Plan, administrative claimants were appropriately given first priority for payment in full of their claims.  As the Court stated numerous times at the hearing on the matter, this is basic black letter bankruptcy law and in accordance with the priority scheme set forth in 11 U.S.C. § 507.  Any other interpretation results in a modification of Seiller Waterman's rights under the Amended Plan.  Seiller Waterman could have agreed to alternate treatment, but no such agreement modifying its treatment under the Plan is evident in the record.

A proper interpretation of the Amended Plan requires that the administrative claims be paid pursuant to Paragraph 6 of the Amended Plan.  However, the Amended Plan also provided that CNH's claim would be paid in accordance with the terms of the Retail Installment Sale Contract, which required the installment payment in August 2016.  The fact that Debtors' initial payment under the Amended Plan was not sufficient to cover Seiller Waterman's claim, as well as CNH's claim is clear evidence that the Plan is underfunded.  Attempts by the parties to resolve this problem through the Agreed Order impermissibly modified CNH's claim when the Agreed Order stated, "Administrative claimants are entitled to receive the first funds available under the Plan."

Insofar as the Agreed Order afforded Seiller Waterman priority treatment of its administrative claim, the relief was appropriate.  However, Seiller Waterman and Debtors could not agree to impair CNH's treatment under the Amended Plan by  affording administrative claimants' payment from "the first funds" available under the Amended Plan.  The first Plan payment in August of 2016 was to be made to CNH pursuant to the terms of the Retail Installment Sale Contract.  CNH

had no input or notice of the Agreed Order and did not agree to a modification of its claim under the Amended Plan. In that respect, the Agreed Order was improvidently entered by the Court and that portion of the Order must be vacated and set aside.

Debtors' claim that CNH is precluded from receiving stay relief because it did not object to Seiller Waterman's Amended Motion to Enforce Chapter 12 Plan is without merit. Seiller Waterman was entitled to the relief it sought without impairment of either its claim or CNH's claim. Because there were insufficient funds available to pay CNH's initial payment under the Plan, it is inadequately protected and entitled to stay relief under 11 U.S.C. § 362(d). It is for this reason that the Court must **GRANT** CNH's Motion for Relief from Stay.

## <u>CONCLUSION</u>

For all of the above reasons, the Court will **GRANT** the Motion for Stay Relief of CNH and enter the proposed tendered Order of CNH attached to its Motion for Stay Relief. The Court will also enter a separate Order vacating the Agreed Order entered on December 8, 2016 regarding Administrative Claimant's Amended Motion to Enforce Chapter 12 Plan.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 9, 2017

-7-

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILLIAM MICHAEL BUCKMAN | ) | CASE NO. 15-32674(1)(12) |
| MEGAN LEAH BUCKMAN | ) | |
| | ) | |
| Debtor(s) | ) | |

**<u>ORDER</u>**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference, the Motion for Stay Relief of CNH Industrial Capital America LLC, be and hereby is, **GRANTED** by separate Order.

Joan A. Lloyd
United States Bankruptcy Judge

Dated: March 9, 2017

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

IN RE:                                         )
                                               )
    WILLIAM MICHAEL BUCKMAN )        CASE NO. 15-32674(1)(12)
    MEGAN LEAH BUCKMAN        )
                                               )
                Debtor(s)    )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference, the Order on Administrative Claimant's Motion to Enforce Chapter 12 Plan entered December 8, 2016, be and hereby is, **VACATED AND SET ASIDE**.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 9, 2017